UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GEORGE FRANCO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| BANK OF AMERICA, | § | SA-08-CV-0475 FB (NN) |
| | § | |
| Defendant. | § | |

REPORT AND RECOMMENDATION

TO: Honorable Fred Biery
United States District Judge

This report and recommendation addresses the motion for summary judgment filed by defendant Bank of America (the Bank).[1] I have authority to enter this report and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a magistrate judge is statutorily constrained.[2] After reviewing the parties' submissions[3] and the applicable law, I recommend dismissing this case as time-barred.

This case is an employment discrimination case. Plaintiff George Franco began working for the Bank in 1992. The Bank terminated Franco on May 15, 2007. Franco maintains his termination was based on gender, violating Title VII of the Civil Rights Act. In its motion, the Bank maintained Franco's claim is time-barred because Franco filed his complaint outside of the

---

[1]Docket entry # 36.

[2]Docket entry # 6.

[3]Docket entry #s 31, 36, 37, 39, 40 & 41.

90-day filing period.

> Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. Title VII provides that claimants have ninety days to file a civil action after receipt of such a notice from the EEOC. This requirement to file a lawsuit within the ninety-day limitation period is strictly construed.[4]

Franco's claim is time-barred because he received his right-to-sue letter on March 13, 2008[5] and filed his initial pleadings on June 13, 2008.[6] There were 92 days between March 13, 2008 and June 13, 2008. Because 92 days is outside the 90-day filing period, Franco's claim is time-barred. The Bank is entitled to summary judgment on Franco's claim because no fact question exists about whether Franco's claim is time-barred.[7]

**Recommendation**. I recommend GRANTING the Bank's motion (docket entry # 36)

---

[4] *Taylor v. Books A Million*, 296 F.3d 376, 378-79 (5th Cir. 2002).

[5] *See* docket entry # 36, exh. 15, p. 7 (EEOC notice of right-to-sue letter dated Mar. 13, 2008); *id.*, exh. 1, p. 62 (testifying that he received his right-to-sue letter on March 13, 2008). *See also* docket entry # 8, ¶ 6a (stating that he received his right-to-sue letter on March 13, 2008).

[6] *See* docket entry #s 1 (motion to proceed in forma pauperis status) & # 2 (motion for appointment counsel), both filed on June 13, 2008. The clerk filed Franco's complaint on July 18, 2008 when Franco paid the filing fee, but "[a]s long as a complaint is in the actual or constructive possession of the clerk, the complaint is considered 'filed' for purposes of Rule 3 and Title VII." *Lowery v. Carrier Corp.*, 953 F. Supp. 151, 155 (E.D. Tex. 1997). *See also Mealancon v. Associated Catholic Charities*, No. 96-2084, 1997 U.S. Dist. LEXIS 5642 (E.D. La. Apr. 21, 1997) ("[D]elivering a complaint to the court for filing within the 90-day time period is all that is required for purposes of bringing a Title VII action, provided that the complaint complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure."). Franco's complaint was in the possession of the clerk on June 13, 2008 when Franco filed his motion to proceed in forma pauperis.

[7] Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

and DISMISSING this case under the summary-judgment rule. Dismissal under that rule is appropriate because the district court must look must look to matters outside the pleadings to confirm the case is time-barred.[8]

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[9] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[10] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-

---

[8] *See* Fed. R. Civ. P. 12(d) ("If . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

[9] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[10] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

to proposed factual findings and legal conclusions accepted by the district court.[11]

**SIGNED** on January 8, 2010.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[11]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).