UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GEORGE FRANCO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| BANK OF AMERICA, | § | SA-08-CV-0475 FB (NN) |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

TO:   Honorable Fred Biery
      Chief United States District Judge

The matter before the Court is defendant's motion for summary judgment (docket entry #36).  Earlier, I recommended granting the pending motion for summary judgment and dismissing this case as time-barred.[1]  The district court determined the case is not time-barred and returned the case to me to reconsider the motion.[2]

Plaintiff George Franco alleges he was unlawfully terminated by defendant Bank of America (the Bank) because of his gender.  The Bank maintains it is entitled to summary judgment because no fact question exists about whether Franco was terminated because of gender.  The Bank argued that Franco cannot establish a prima facie case of gender discrimination,[3] and even if Franco established a prima facie case, he cannot show that the

---

[1]Docket entry # 42.

[2]Docket entry # 48.

[3]Docket entry # 36, p. 9.

Bank's reason for terminating Franco was a pretext for gender discrimination.[4]  Summary

judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any

affidavits show that there is no genuine issue as to any material fact and that the movant is

entitled to judgment as a matter of law."[5]

To survive summary judgment, Franco must raise a fact question about whether the Bank

terminated him because of gender.  This showing requires Franco to first establish a prima facie

case of discrimination.  To establish a prima facie case, Franco must provide summary-judgment

evidence showing (1) Franco is a member of a protected class; (2) was qualified for his former

position; (3) experienced an adverse employment action; and (4) was replaced by someone

outside the protected class.[6]

To show that Franco cannot establish a prima facie case of gender discrimination, the

Bank presented an affidavit by Bank employee, Erika Ruiz, wherein Ruiz attested that she "made

the decision to replace Mr. Franco with Richard Whitmire, who is male."[7]  Ruiz's affidavit

negates the fourth element of Franco's prima facie case because it shows that Franco was

replaced by someone within his protected class.  Making this showing shifted the burden to

---

[4]*Id.*, p. 10.

[5]Fed. R. Civ. P. 56(c).

[6]*See Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001).  *See also Davis v. Chevron U.S.A.*, 14 F.3d 1082, 1087 (5th Cir. 1994) (stating about a failure-to-hire-based-on-gender claim that, "To establish her prima facie case of gender discrimination, [the female plaintiff] must show that (1) she is a member of a protected group; (2) she applied for a position as an oil refinery operator; (3) she was qualified for that position when she applied; (4) she was not selected for the position; and (5) after [the defendant-employer] declined to hire her the position either remained open or a male was selected to fill it.").

[7]Docket entry # 36, exh. 2, ¶ 13.

Franco to raise a fact question about whether he was replaced by a woman.  Franco presented no summary-judgment contradicting Ruiz's affidavit or showing that he was replaced by a woman.

To the extent that Franco based his claim on disparate treatment, Franco can establish the fourth element of a prima facie case by presenting summary-judgment evidence that women similarly situated were treated more favorably.[8]  The Bank maintained that no fact question exists about whether women were treated more favorably than Franco.  Franco alleged generally that "two other females under the same supervisor had similar or worse performance and they were not terminated,"[9] but he presented no summary-judgment evidence raising a fact question about that assertion.  Franco stated in his complaint that he "possess[es] a number of dated documents that will prove that he was performing above two of his female counterparts," but he did not present such documents.[10]  When questioned about the performance of his female counterparts, Franco conceded that his female counterparts outperformed him.[11]  Franco presented no summary-judgment showing that women similarly situated were treated more favorably.  He failed to establish a prima facie case of gender discrimination.

Because Franco failed to establish a prima facie case, the court need not reach the Bank's argument that Franco cannot raise a fact question about whether its reason for terminating Franco

---

[8]*See Okoye*, 245 F.3d at 512-13.

[9]Docket entry # 8, p. 4.

[10]Franco presented some documents in his first response to the Bank's motion for summary judgment (docket entry # 39) and in a document intended to rescind his agreement to settle this case (docket entry # 31).  Those documents do not raise a fact question about whether the Bank treated Franco's female counterparts more favorably than Franco.

[11]Docket entry # 36, exh. 1, pp. 138, 140-46.

was a pretext for gender discrimination.  To the extent the district judge may question that

matter, the Bank's reason for terminating Franco was unsatisfactory performance.[12]  Franco

presented no summary-judgment evidence raising a fact question about whether that reason was a

pretext for gender discrimination.

**Recommendation**.  Franco failed to establish a prima facie case of gender discrimination

because he presented no evidence raising a fact question about whether he was replaced by a

woman or whether women similarly situated were treated more favorably.  For this reason, the

Bank is entitled to summary judgment.  I recommend granting the Bank's motion (docket entry #

36) and entering summary judgment in favor of the Bank.

**Instructions for Service and Notice of Right to Object/Appeal**.  The United States

District Clerk shall serve a copy of this report and recommendation on all parties by either (1)

electronic transmittal to all parties represented by attorneys registered as a "filing user" with the

clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt

requested.  Written objections to this report and recommendation must be filed within 14 days

after being served with a copy of same, unless this time period is modified by the district court.[13]

Such party shall file the objections with the clerk of the court, and serve the objections on all

other parties and the magistrate judge.  A party filing objections must specifically identify those

findings, conclusions or recommendations to which objections are being made and the basis for

such objections; the district court need not consider frivolous, conclusive or general objections.

A party's failure to file written objections to the proposed findings, conclusions and

---

[12]Docket entry # 36, p. 6.

[13]28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

recommendations contained in this report shall bar the party from a *de novo* determination by the

district court.[14]  Additionally, failure to file timely written objections to the proposed findings,

conclusions and recommendations contained in this report and recommendation shall bar the

aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court.[15]

     **SIGNED** on July 7, 2010.


_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[14]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[15]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).